# NEW YORK COMMON PLEAS.

LUCY SMITH, plaintiff and respondent, agt. JACOB H. SIMMS, defendant and appellant.

*Liability of warehousemen and bailees.*

Where a warehouseman or bailee for hire are intrusted with the storage of property, they are bound to use ordinary care and diligence for its protection and safety.

What omission or want of care will amount to ordinary neglect in such a case is, as a general rule, rather a matter of fact than of law; and if there is any evidence to sustain the verdict of the jury it will not be interfered with by the court.

*General Term, December,* 1875.

*Before* DALY, *Ch. J.,* LOEW *and* J. F. DALY, *JJ.*

APPEAL by the defendant from a judgment of the sixth district court of the city of New York, in favor of the plaintiff, for forty-six dollars and fifty cents and costs.

*D. A. Stephens,* for defendant and appellant.

*James G. White,* for plaintiff and respondent.

LOEW, *J.* — The plaintiff left a trunk, containing wearing apparel, with the defendant on storage. For the safe keeping of that trunk and contents she paid him one dollar per month. When the trunk was returned to her it was found that the clothing had been stolen out of it.

As a warehouseman or bailee for hire it was incumbent on

the defendant to exercise ordinary care and diligence in respect to the property intrusted to his care and custody (*Arent* agt. *Squire*, 1 *Daly*, 350). Ordinary care may be defined as that degree of care which men of common prudence would in general exert, under the circumstances, with regard to their own property or affairs.

The question therefore arises, whether the defendant omitted to exercise that degree of care and diligence which the law required of him; or, in other words, whether he was guilty of ordinary neglect.

The evidence shows that the basement where the trunk was stored was well and securely locked, and no negligence can be imputed to the defendant in this regard. But it also appears that expressmen and persons owning trunks were at times intrusted with the keys and permitted to go into that basement unaccompanied by either the defendant or his employe who, in the mean time, remained in the office above. The testimony on this point clearly warranted the justice in finding that the defendant was chargeable with a want of common or ordinary diligence, and was, therefore, answerable for the loss occasioned by the theft.

What omission or want of care will amount to ordinary neglect in such cases is, as a general rule, rather a matter of fact than of law (*Doorman* agt. *Jenkins*, 2 *Adolph. & Ellis*, 256); and if there is any evidence to sustain the verdict of the jury it will not be interfered with by the court (*Id.*). Where, as in this case, the trial is had before the justice without a jury, his findings on questions of fact will ordinarily be as decisive as the verdict of a jury (*Davis* agt. *Allen*, 3 *N. Y.*, 168). And if there be sufficient legal evidence to support the judgment an appellate tribunal would not be justified in reversing it, even though it would have reached a different conclusion, upon the evidence adduced, from that arrived at by the justice (*Burnham* agt. *Butler*, 31 *N. Y.*, 480).

We think, however, that the justice erred with reference

Smith agt. Simms.

to the amount for which he rendered judgment. It is true the plaintiff testified that the clothing was stolen out of her trunk, but she specified and fixed the value of but one article, a dress; that she swore was worth twenty-nine dollars.

The judgment should therefore be reduced to twenty-nine dollars and affirmed for that sum, with costs of the court below, neither party to have costs on appeal to this court.

DALY, Ch. J., and J. F. DALY, J., concurred.